UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 97-30954
_____

COLBURN P. RANDEL,

                         Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF THE NAVY, JOHN H.
DALTON, Secretary

                         Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

October 15, 1998

Before REYNALDO G. GARZA, HIGGINBOTHAM, and EMILIO M. GARZA,
Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

        Plaintiff, Colburn Randel, appeals the district court's

dismissal of his Title VII action pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure.  Randel contends that the

district court erred in determining that (1) he failed to exhaust

his administrative remedies with respect to his claim of racial

discrimination, and (2) he did not timely appeal his claim for

reprisal.  Concluding that the district court is correct with

respect to the racial discrimination claim, but incorrect with

respect to the reprisal claim, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

I

Colburn Randel worked as a computer specialist for the Naval Research Personnel Center. Beginning in 1994, Randel initiated the first of two proceedings against his employer, John H. Dalton, Secretary of the Department of the United States Navy ("the Navy") alleging discrimination in violation of Title VII.

The first proceeding ("Randel I") began in March 1994, when Randel filed an Equal Employment Opportunity ("EEO") complaint of racial discrimination against his supervisor. In June 1994, this complaint was referred to the Equal Employment Opportunity Commission ("EEOC") for review. The EEOC did not render a decision within 180 days, and therefore, on April 19, 1995, Randel filed his complaint in federal district court. *See* 5 U.S.C. § 7702(e)(1).

The second proceeding ("Randel II") began on October 14, 1994, one month after the Navy fired Randel allegedly for excessive unexcused absences. Believing that he suffered from major depression due to his work environment, and that he was entitled to sick leave for this disability, Randel appealed his removal to the Merit Systems Protection Board ("MSPB"). Before the MSPB, Randel claimed that the Navy unlawfully fired him, and alleged specifically that his termination constituted both reprisal for his prior EEO complaint and disability discrimination. This appeal to the MSPB did not contain a claim of racial discrimination. The MSPB upheld the Navy's decision to fire Randel, and on June 13,

-2-

1995, Randel appealed the MSPB's decision to the EEOC.  *See* 5 U.S.C. § 7702(b)(1).

On August 25, 1995, before the EEOC reached a decision in Randel II, Randel filed an amended complaint in Randel I asserting a claim of disability discrimination.  Thus, Randel asked the district court to decide his disability discrimination claim as part of Randel I, even though the same claim remained pending before the EEOC in Randel II.  The district court concluded that Randel had failed to exhaust his administrative remedies, and dismissed Randel I for lack of subject matter jurisdiction.

On August 8, 1996, the EEOC issued its decision in Randel II. The EEOC reached two conclusions.  First, it concurred with the MSPB that the Navy did not fire Randel in reprisal for filing the EEO complaint for racial discrimination.  Second, it found that contrary to the MSPB's prior determination, the Navy had discriminated against Randel because of his disability. Additionally, the EEOC explained that its decision was final and that upon receipt of its decision Randel had "the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, WITHIN THIRTY (30) CALENDAR DAYS...."  The EEOC then referred the case to the MSPB pursuant to 5 U.S.C. § 7702(b)(5)(B).[1]  In an opinion and

---

[1]     Once the EEOC decides to consider a petition, the EEOC may take one of two actions:  the EEOC may either (1) concur with the decision of the MSPB, or (2) issue a decision in writing that differs from the decision of the MSPB. If the EEOC concurs with the MSPB's decision, then the claimant has thirty days from receiving notice to appeal to the district court.  If the EEOC differs from the MSPB's decision, then the case is returned to the MSPB.  The MSPB may then either concur with the EEOC or reaffirm its original decision.  If it concurs

order dated November 12, 1996, the MSPB adopted the EEOC's decision finding disability discrimination, and notified Randel that he had a right to file a civil action in United States District Court within thirty days after receiving its order.

On December 13, 1996))thirty days after receiving the MSPB order))Randel appealed the decision of the EEOC, as confirmed by the MSPB, to the United States District Court for the Eastern District of Louisiana. Randel's petition sought relief on both his reprisal and racial discrimination claims. The Navy moved for dismissal, factually attacking the district court's subject matter jurisdiction. The district court granted the motion for two reasons. First, the district court held that because Randel did not appeal until ninety-seven days after the August 8th EEOC decision he failed to timely appeal his reprisal claim. Second, it found that Randel never raised a claim of racial discrimination in any of the proceedings in Randel II, and therefore failed to exhaust his administrative remedies. For these reasons, the district court concluded that it lacked jurisdiction over both Randel's reprisal claim and his claim of racial discrimination. Randel appealed timely.

II

This appeal involves the district court's denial of subject matter jurisdiction over Randel's claims pursuant to Rule 12(b)(1)

with the EEOC, then the administrative proceeding is exhausted and the claimant has thirty days from receiving notice to appeal to the district court. If it reaffirms its original decision, however, then the case is sent to a Special Panel for further consideration. *See* 5 U.S.C. § 7702; *see also* 29 C.F.R. § 1614.310 (1998).

of the Federal Rules of Civil Procedure. We review the district court's determinations of disputed fact under the "clearly erroneous" standard. *See MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 180-81 (5th Cir. 1992)(citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Questions of law we review *de novo*. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996).

As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 832, 96 S.Ct 1961, 1965, 48 L.Ed. 2d 402 (1976)("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him."). The complainant also must file his complaint in a timely manner. *See Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990). If the claimant fails to comply with either of these requirements then the court is deprived of jurisdiction over the case. *See id.*

### A

The Navy contends that Randel failed to exhaust his administrative remedies as to his claim of racial discrimination. The EEO charge filed in Randel II makes no reference to race discrimination. It is confined to reprisal and disability discrimination. Randel maintains nonetheless that the EEOC's and the MSPB's findings of no reprisal necessarily include a finding of no racial discrimination. We disagree. To recover on his reprisal claim Randel had to prove that the Navy fired him because he

complained to the EEOC; he did not "'need [to] . . . prove the underlying claim of discrimination which led to [his] protest.'" *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997); *see also Aman v. Carol Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996)(noting that "a plaintiff need not prove the merits of the underlying discrimination complaint, but only that 'he was acting under a good faith, reasonable belief that a violation existed'")(citations omitted); *Balazs v. Liebenthal*, 32 F.3d 151, 158 (4th Cir. 1994)(stating that "[i]t is further generally held that to sustain a suit for retaliation it is not necessary that the plaintiff prove that the underlying claim of discrimination was true"). Randel's racial discrimination claim is separate and distinct from his reprisal claim, and accordingly, he must exhaust his administrative remedies on that claim before seeking review in federal court. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994)(noting that plaintiff's race discrimination claim was "separate and distinct from her claims of retaliation" before the EEOC); *see also Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1995)(citing *Williams*, and noting that even though the plaintiff in *Williams* mentioned her unexhausted discrimination claim in her retaliation complaint, "this reference to her previous complaint was not enough to exhaust, for Title VII purposes, the discrimination claim"). Thus, we agree with the district court that, in relation to the racial discrimination claim, Randel failed to exhaust his administrative remedies and therefore, the court lacked jurisdiction.

The district court's conclusion that Randel did not appeal timely his reprisal claim is, however, a different matter. According to the district court, Randel "should have filed the appeal within thirty days of the August 8, 1996 ruling by the EEOC." The district court reasoned that because the EEOC and the MSPB agreed as to the reprisal claim on August 8, 1996, the EEOC's decision on that claim became a final appealable decision. Randel argues that a final agency decision did not exist until November 12, 1996, when the MSPB and the EEOC agreed on both his reprisal and disability claims. We must decide, therefore, whether the EEOC's finding of no reprisal became final on August 8, 1996, for purposes of appeal, even though Randel's disability discrimination claim remained unresolved until November 12, 1996. In other words, we must decide whether the EEOC's August 8th decision operated to sever Randel's reprisal claim from the rest of his complaint. We find that our reasoning in *Gomez v. Department of the Air Force*, 869 F.2d 852 (5th Cir. 1989) controls the resolution of this issue.

In *Gomez*, the plaintiff filed a complaint with the EEOC against the Secretary of the Department of the Air Force ("the Air Force"), alleging discrimination based on national origin and handicap. The EEOC rejected the plaintiff's national origin claim, but referred the handicap claim to the MSPB for additional evidence. The EEOC did not take further action on his handicap claim, and therefore, after waiting 180 days from when he first filed his petition with the EEOC, the plaintiff submitted his

complaint to the district court. *See* 5 U.S.C. § 7702(e)(1). The district court dismissed for lack of subject matter jurisdiction because the plaintiff did not file his action within thirty days of the EEOC's decision on his national origin claim.

On appeal, we reversed. We held that because the EEOC's order never stated that it was severing the plaintiff's national origin claim, and because the regulatory framework did not support piecemeal resolution of the plaintiff's original complaint, the plaintiff's appeal was filed timely with the district court. We carefully noted that the EEOC must provide prior notice to the claimant before severing claims:

> We do not mean to suggest that the EEOC could not (or could) adopt a severance procedure in "mixed cases" where only discrimination claims are alleged. Rather, we merely find that in the absence of any prior notice or indication on the part of the EEOC that it may utilize a severance procedure, we hesitate to recognize such a power on its part. . . . Finding severance, when there is nothing in the record to support the idea that the EEOC utilizes severance in mixed case (or in cases generally) or that they actually purported to sever in this case, would require a level of after-the-fact judicial improvisation that we are not willing to reach. It would also result in injustice to the claimant who could have had no prior knowledge of such practice.

*Id.* at 860-61.

We now reiterate that if the EEOC wishes to use its power of severance it must provide the claimant with clear and unambiguous notice that it has chosen to sever his claims.[2] In the absence of

---

[2] We note that the EEOC has the power to sever in mixed cases where only discrimination claims are alleged. In mixed cases that contain both discrimination and nondiscrimination claims, "the courts have refused to countenance severance of the claims." *Gomez*, 869 F.2d at 860; *see also Williams v. Department of the Army*, 715 F.2d 1485, 1487 (Fed. Cir. 1983)(finding that the Court of Appeals for the Federal Circuit did not have the power to bifurcate

clear direction from the EEOC, the claimant must wait until a final decision has been rendered on the entirety of his original petition for review before appealing either claim to federal district court.

In this case, the EEOC did not provide adequate notice to Randel that it was severing his claims. As Randel notes correctly, the statement setting forth the plaintiff's rights to file a civil action "was unclear at best." Thus, Randel waited appropriately until the MSPB rendered its final decision adopting the EEOC's finding of disability discrimination before appealing timely to federal district court.

C

In addition to arguing that Randel did not file timely his appeal, the Navy suggests another reason why the district court lacked jurisdiction over Randel's reprisal claim. According to the Navy, by amending his district court complaint in Randel I to include the same claim of disability discrimination then pending in Randel II, Randel circumvented the administrative process and therefore abandoned both his disability and reprisal claims before the EEOC in Randel II. In other words, according to the Navy, once Randel appealed to the EEOC and then prematurely filed the disability discrimination claim in Randel I, the EEOC lost jurisdiction to consider Randel's entire appeal.

As we read the record, the district court did not fully

_____

mixed case appeals into nondiscrimination cases [for review by the federal appeals court] and discrimination cases [for review by the federal district court]).

comprehend the Navy's argument. It concluded that Randel did not abandon his reprisal claim because Randel never amended his complaint in Randel I to include a claim for reprisal. The Navy makes a more nuanced argument. It argues that by amending his complaint in Randel I to include even just the disability discrimination claim, Randel terminated the entire proceeding before the EEOC. Randel never exhausted, therefore, his administrative remedies.

We note that under some circumstances, "abandonment of the administrative process *may* suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review." *Vinieratos v. United States Dep't of Air Force*, 939 F.2d 762, 770 (9th Cir. 1991)(emphasis added). Neither the Ninth Circuit nor any other circuit has specified when abandonment of one administrative claim by a claimant will taint all of his claims and result in the termination of the entire administrative proceeding. Some cases suggest, however, that we should look to whether the claimant made a good faith effort to cooperate with the administrative agency. *See, e.g., Munoz v. Aldridge*, 894 F.2d 1489, 1492 (5th Cir. 1990)(noting that "exhaustion does require good faith participation in the administrative process"). Besides filing his amended complaint in Randel I to include a claim for disability discrimination, the record discloses no evidence that Randel failed to cooperate or otherwise attempted to frustrate the administrative process. Thus, we hold that the circumstances of this case do not

justify the severe result advocated by the Navy. We are unwilling to find that by amending his civil suit to include a claim of disability discrimination in Randel I, Randel thereby abandoned his reprisal claim in Randel II.[3]

### III

For the foregoing reasons, we AFFIRM the district court's dismissal of Randel's racial discrimination claim, we REVERSE its dismissal of Randel's reprisal claims, and we REMAND for further proceedings consistent with this opinion.

---

[3] We do not pass judgment on whether Randel abandoned his disability claim by filing the same claim in Randel I. Although both parties briefed this issue, neither party appealed the MSPB's determination on Randel's disability discrimination claim to the district court. That claim, therefore, was not properly presented to the district court, and is not considered on appeal. *See In the Matter of HECI Exploration Co.*, 862 F.2d 513, 517 n.5 (5th Cir. 1988)(noting that the district court "was not empowered to reach the merits" of an issue on appeal from bankruptcy court because the appellee did not file a notice of appeal).