IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-20874
Summary Calendar

JACK W DEVAUGHN, JR

Plaintiff - Appellant

v.

UNITED STATES POSTAL SERVICE, John E Potter Post Master General;
PATRICK KEYS

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:06-CV-3233

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Jack Devaughn appeals the district court's judgment dismissing his employment discrimination case. Devaughn alleges that the defendants discriminated against him in terminating his employment with the United States Postal Service as a letter carrier. He did not, however, properly navigate the procedural waters necessary to bring such a claim in federal court, and as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a result the district court dismissed his claim for failure to exhaust administrative remedies. For the reasons that follow, we affirm the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Devaughn was originally employed by the United States Postal Service (the "Postal Service") as a letter carrier in 1983. On February 5, 2003, the Postal Service issued to Devaughn a "Notice of Proposed Removal" charging him with failure to maintain a regular schedule, unsatisfactory work performance, and failure to follow instructions. The Postal Service subsequently sent Devaughn a "Letter of Decision" on March 12, 2003, confirming its decision to terminate Devaughn's employment.

The Letter of Decision described Devaughn's right to appeal his removal to the Merit Service Protection Board (the "MSPB") within thirty days of the decision's effective date. Further, the Letter of Decision informed Devaughn that he could challenge his termination with either the MSPB or the Postal Service's Equal Employment Opportunity office by stating "[i]f you believe that the action is based in whole or in part on discrimination, you have the option of filing an appeal with the MSPB, or filing an EEO complaint with the Postal Service, but not both." The Letter of Decision also instructed that "[b]efore filing an EEO complaint, you must bring the matter to the attention of [an EEO counselor] within forty-five calendar days of the effective date of this decision."

Devaughn twice applied for pre-complaint counseling with an EEO counselor—once on February 25, 2003, based on his proposed removal and once on March 20, 2003, based on the Letter of Decision. He alleged that he was improperly terminated on account of his race, sex, disability, and for engaging in prior EEO activity.[1] Because the Postal Service determined these applications

---

[1] Devaughn is a black male whose claimed disability is suffering from anxiety and bipolar disorder. His earlier EEO activity consists of two separate complaints, filed in 2000,

were "like and related"—the first was based on Devaughn's proposed removal and the second on the final decision to remove him—Devaughn's first application was amended to include his second application.

Meanwhile, Devaughn appealed his termination to the MSPB on April 8, 2003, before receiving a Notice of Final Interview from an EEO counselor or filing a formal EEO complaint. On June 6, 2003, he received a Notice of Final Interview stating that he had "the right to file a formal complaint within 15 calendar days of the date you receive this notice," but it did not properly inform him of his alternative right to appeal to the MSPB due to the "mixed"[2] nature of his claim.[3] Nonetheless, Devaughn did not file a formal complaint with the Postal Service EEO office within the stated fifteen days.

On July 10, 2003, Devaughn voluntarily withdrew his MSPB appeal. The Administrative Judge ("AJ") therefore issued an initial decision dismissing Devaughn's appeal as withdrawn and indicating that the decision would become final on August 14, 2003, unless Devaughn filed a petition for review by the MSPB. The initial decision further emphasized that "[t]his is an important date because it is usually the last day on which you can file a petition for review with the [MSPB]" and warned "[t]hese instructions are important because if you wish to file a petition [for review], you must file it within the proper time period."

After the AJ's decision became final on August 14, Devaughn sought to reinstate his MSPB appeal by a letter dated September 23, 2003, explaining that his withdrawal was inadvertent. The MSPB indicated that it would treat the

---

that are otherwise unrelated to the present suit.

[2] A case is "mixed" when it involves both an adverse employment claim appealable to the MSPB and a claim of prohibited discrimination. See 5 U.S.C. § 7702; 29 C.F.R. § 1614.302(a).

[3] The defendants concede that the June 6 Notice of Final Interview was partially defective for not informing Devaughn of his alternative right to appeal to the MSPB, a right he utilized on April 8, 2003.

September 23 letter as a petition for review and instructed Devaughn that he must file a motion showing "why there is good cause for the late filing" on or before October 24, 2003. On October 24, however, Devaughn did not file such a motion; instead, he filed a second appeal (of the same complained-of conduct) with the MSPB. The MSPB denied Devaughn's petition for review on June 25, 2004, noting that he never responded to its notice to show good cause.

Regarding Devaughn's second MSPB appeal, the AJ dismissed Devaughn's appeal without prejudice on December 17, 2003, because the petition for review of his first appeal was still pending. After the MSPB denied Devaughn's petition for review, he sought to re-file his appeal. The AJ dismissed Devaughn's re-filed appeal on November 18, 2004, because the MSPB issued a final decision on Devaughn's earlier—and identical—appeal. This decision became final on December 23, 2004.

While pursuing his appeal with the MSPB, Devaughn additionally challenged his dismissal on a parallel EEO track. On September 24, 2003, an EEO counselor sent Devaughn a corrected Notice of Final Interview based on his mixed claim. Devaughn then filed a formal EEO complaint with the Postal Service on October 8, 2003. The Postal Service issued a Final Agency Decision on September 22, 2004, dismissing Devaughn's complaint because he previously appealed his claim to the MSPB.[4] Devaughn appealed this decision to the Equal Employment Opportunity Commission ("EEOC"), and the EEOC determined his complaint was properly dismissed. After that decision, Devaughn brought his discrimination claim to the district court.

In district court, the defendants filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure

---

[4] See 29 C.F.R. § 1614.107(a)(4) (stating the agency shall dismiss a complaint "[w]here the complainant has raised the matter . . . in an appeal to the [MSPB] and . . . the complainant has elected to pursue the non-EEO process").

arguing that Devaughn failed to exhaust his administrative remedies under Title VII of the Civil Rights Act of 1964. The district court determined that Devaughn elected to administratively challenge his dismissal with the MSPB, thus foreclosing his later attempt to utilize the avenue of an EEO complaint. Further, because Devaughn voluntarily withdrew his MSPB appeal and failed to timely file a petition for review, the district court held that Devaughn failed to exhaust his administrative remedies with the MSPB. The district court also denied Devaughn's assertion that the defendants should be estopped from arguing that he failed to exhaust his administrative remedies. The district court granted the motion to dismiss and entered a final judgment dismissing the case. Devaughn timely filed notice of appeal. In it, he argues that his pre-complaint counseling constituted an election to pursue the EEO route and that the defendants should be estopped because (1) the Letter of Decision did not state he had a "mixed" claim and (2) the June 6 Notice of Final interview did not inform him of his election rights.[5]

## II. DISCUSSION

A. Standard of Review

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(1) based on a failure to exhaust administrative remedies. Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006). The district court's decision not to apply equitable estoppel, however, is reviewed for an abuse of discretion. Grigson v. Creative Artists Agency, L.L.C., 210 F.3d 524, 528 (5th Cir. 2000).

B. Failure to Exhaust Administrative Remedies

A federal employee must exhaust his administrative remedies when bringing suit under Title VII in federal court. Brown v. Gen. Servs. Admin., 425 U.S. 820,

---

[5] Devaughn also seeks a review of the merits of his discrimination claim. However, because he failed to exhaust his administrative remedies and estoppel relief does not apply, the merits of Devaughn's discrimination claim cannot be reviewed by the court.

832–33 (1976). The administrative framework established to vet "mixed" cases under Title VII begins with a single election by the employee: he may file a mixed-case complaint with the agency's EEO office or file a mixed-case appeal with the MSPB, but not both. 29 C.F.R. § 1614.302(b). Whichever is filed first is then considered the employee's election, id., and once chosen, the employee must exhaust his remedies in that forum, see Tolbert v. United States, 916 F.2d 245, 248 (5th Cir. 1990) (holding that a federal employee must exhaust the elected avenue of administrative relief under Title VII actions).

Devaughn argues that his requests for pre-complaint counseling constitute an election to pursue the EEO route. This is incorrect. Pre-complaint counseling is a prerequisite to filing a formal EEO complaint, 29 C.F.R. § 1614.105(a), but it does not take the place of filing a formal complaint. During this counseling, the complainant is to be informed of his election rights under § 1614.302—that is, the right to file a mixed-case appeal with the MSPB or a mixed-case complaint with the agency's EEO office. Id. § 1614.105(b)(1). To hold that pre-complaint counseling constitutes a § 1614.302 election would render § 1614.105(b)(1)'s requirement superfluous and, as the district court reasoned, seriously limit the complainant's options by determining he elected one route or the other before ever being informed of the choice.

Because Devaughn appealed his mixed case to the MSPB before filing his formal EEO complaint, he irrevocably elected the MSPB route and was required to exhaust his remedies there. The combination of Devaughn's withdrawal, his untimely petition for review, and his silence in response to the MSPB's order to show good cause did not exhaust the remedies in the administrative forum he elected. As we have noted, "abandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review." Randel v. U.S. Dep't of the Navy, 157 F.3d 392, 397 (5th Cir. 1998) (emphasis omitted) (quoting Vinieratos v. U.S. Dep't of the Air Force, 939 F.2d 762, 770 (9th Cir.

1991)).  The district court therefore correctly determined that Devaughn failed to exhaust his administrative remedies with the MSPB.

## C.    Estoppel

Devaughn further asserts that the defendants should be estopped from alleging that he failed to exhaust his administrative remedies because (1) the Postal Service's Letter of Decision did not inform Devaughn he had a "mixed" claim and (2) the June 6 Notice of Appeal did not notify Devaughn of his right to elect to challenge his removal with the MSPB or through the EEO process.

At the outset, we note that this court has recognized inconsistency in our case law regarding whether a failure to exhaust Title VII administrative remedies is a jurisdictional requirement or a prerequisite to suit, with the former barring further judicial review of the matter and the latter permitting equitable considerations such as estoppel.  See Pacheco, 448 F.3d at 788 n.7 ("There is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction.").  The Supreme Court has held that Title VII's filing deadlines are prerequisites to suit, Irwin v. Dep't of Veterans Affairs, 498 U.S. 96, 94–95 (1990), and at least one other circuit has characterized the late re-filing of an MSPB appeal as a "failure to timely exhaust administrative remedies" that is not a "jurisdictional deficiency," Harms v. IRS, 321 F.3d 1001, 1009 (10th Cir. 2003).  Devaughn's failure to timely petition for rehearing may likewise be painted as a failure to timely exhaust administrative remedies, thus providing jurisdiction to consider his estoppel arguments.  We need not specifically settle this matter, however, because we hold that the district court did not abuse its discretion in denying Devaughn relief through estoppel.  See Pacheco, 448 F.3d at 788 n.7 ("Because neither party has a winning waiver or estoppel argument, we need not take sides in this dispute.").

Establishing equitable estoppel—a doctrine "rarely valid against the government," Taylor v. U.S. Treasury Dep't, 127 F.3d 470, 474 (5th Cir. 1997) (quoting United States v. Bloom, 112 F.3d 200, 205 (5th Cir. 1997))—requires proof:

> (1) that the party to be estopped was aware of the facts, and (2) intended his act or omission to be acted upon; [and] (3) that the party asserting estoppel did not have knowledge of the facts, and (4) reasonably relied on the conduct of the other to his substantial injury.

Id. (alteration in original) (quoting United States v. Bloom, 112 F.3d 200, 205 (5th Cir. 1997)). Further, when seeking to establish estoppel against the government, a party must additionally demonstrate "affirmative government misconduct." Id.

Estoppel cannot be established based on the Postal Service's Letter of Decision. This letter clearly informed Devaughn of his alternative rights to appeal his removal to the MSPB or complain of his removal to the EEO office despite the absence of any language specifically describing Devaughn's claim as "mixed." The letter also warned Devaughn that the available avenues of challenging his removal could not be simultaneously pursued. The district court correctly concluded that the letter accurately apprised Devaughn of his election rights without the necessity of specifically describing his claim as "mixed." Based on these facts, Devaughn does not meet the onerous requirements of estoppel.

Likewise, the incorrect Notice of Final Interview does not support an estoppel argument. Although the notice failed to inform Devaughn of his right to appeal his removal to the MSPB, the record demonstrates Devaughn exercised his appeal right before ever receiving the faulty notice. Additionally, despite Devaughn's conclusive assertion that he detrimentally relied on the notice in withdrawing his MSPB appeal, the record contains no facts supporting this statement. On the contrary, the facts demonstrate Devaughn was made aware of his election rights by the Letter of Decision. The AJ's initial decision then

advised Devaughn of the necessity of filing a petition for review before the decision became final on August 14. Nonetheless, when given the opportunity to show good cause for his untimely petition for review, Devaughn neglected to assert that he relied in any way on the faulty notice in withdrawing his appeal. For all of these reasons, the district court did not abuse its discretion in holding that estoppel does not apply.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.