# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-50448
Summary Calendar

MICHAEL SMART

Plaintiff-Appellant

v.

PETE GEREN, Secretary of the Army

Defendant-Appellee

Appeal from the United States District Court
Western District of Texas
USDC No. 3:07-CV-291

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Smart appeals the district court's order granting summary judgment in favor of Pete Geren on Smart's claims of race discrimination and retaliation for protected activities under Title VII of the Civil Rights Act of 1964. Finding no error, we affirm.

Smart, an African-American, was fired by the Department of the Army during his initial probationary period as a police officer. His supervisor issued

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a discharge letter that stated Smart had falsely identified himself to a military member, exhibited discourteous behavior, failed to salute military members, and refused to follow instructions from supervisors. Following his termination, Smart applied for a similar position at a different Army installation while claiming still to be employed as an officer. His previous supervisor offered a negative recommendation that included information on Smart's termination. Smart was not selected.

Smart then filed a formal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the negative job reference stemmed from racial discrimination, retaliation, and disparate treatment. After an investigation, the EEOC determined that Smart's non-selection was based upon his work history and termination from his previous employment. Smart then filed two more EEOC complaints. Smart alleged race discrimination and retaliation for protected activity as the basis for his termination from his first job. The EEOC also found these claims to be without merit.

Once his administrative appeals were final, Smart filed suit in district court. The district court found that Smart could not establish a prima facie case for discrimination or retaliation as the basis for his termination or non-selection. Even assuming that Smart met his prima facie burden, the district court further concluded that Smart could not demonstrate that the legitimate reasons for termination and non-selection given by the Department of the Army were a pretext for discrimination or retaliation.

This court reviews a district court's grant of summary judgment de novo. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).

A prima facie claim for retaliation for an activity protected under Title VII, requires proof that "(1) [a plaintiff] engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004).

As to his claim of retaliatory termination from his law enforcement position, Smart did not demonstrate that before termination, he had either "(1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." Long v. Eastfield Coll., 88 F.3d 300, 304 (5th Cir. 1996)(quoting 42 U.S.C. § 2000e-3(a)). Although Smart filed two unfair labor practices charges before being terminated, nothing in either form indicates that the complaints concerned the infraction of a right with redress under Title VII. He thus raised no fact issue that he engaged in "protected activity" while employed for purposes of Title VII.

Smart also contends that his non-selection resulted from retaliation for Title VII protected activity. Although Smart did not file an EEOC complaint until after he had been rejected for the second position, he argues in his brief that he attempted to file and made contact with an EEOC office immediately after he was fired. Smart, however, does not show that a causal link exists between this action and his non-selection for the second job. To the contrary, the record demonstrates that Smart's non-selection was based on his termination from his earlier position, at which he had falsely claimed still to be working. With nothing more than assertions to maintain his retaliation claim, Smart cannot meet his prima facie burden.

Smart's claim of retaliation for protected religious activity was not brought up in any of his EEOC complaints. He has failed to exhaust his administrative remedies with regard to this claim and we do not consider it. See Randel v. United States Dep't of Navy, 157 F.3d 392 (5th Cir. 1998).

Finally, before the EEOC and district court, Smart claimed that he was discriminated against based on his race. After reviewing Smart's brief and finding no related arguments, we find this claim waived on appeal. "[A]lthough we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

For the reasons stated, the judgment of the district court is AFFIRMED.