# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-60855
Summary Calendar

GODFREY S DRAKE

Plaintiff-Appellant

v.

JIM NICHOLSON, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-00284

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Godfrey S. Drake("Drake"),[1] a Computer Specialist at the Veterans Affairs ("VA") Medical Center in Jackson, Mississippi, brought suit against the Secretary of the Department of VA ("the Government"). Drake alleges that he was a victim of retaliation on five separate occasions. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We note that Drake proceeds *pro se* in this case and that this Court construes the submissions of *pro se* litigants broadly in deference of their status. *See Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998).

district court granted summary judgment in favor of the Government. Drake appeals. We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 1997, Drake was hired to work at the VA Medical Center in Jackson, Mississippi. Prior to becoming employed at the VA, Drake was a contract computer programmer for approximately ten years. Drake attended several institutions of higher learning, but had not received a post-secondary education degree at the time of filing this suit.

In November 1998, Drake filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that VA management unfairly distributed overtime and training opportunities. Drake later abandoned the complaint, but argues that he was nevertheless labeled a "troublemaker" by the VA administration and that the administration retaliated against him on five separate occasions: (1) when he was not selected for a Program Analyst position first advertised on February 12, 2001, (2) when he was reprimanded for being absent without leave on April 23, 2001, (3) when he was denied advanced leave in July 2001, (4) when he was not selected for a Program Analyst position first advertised on September 17, 2001, and (5) when he was suspended for four days for sending harassing emails to an Administrative Judge.[2]

On February 21, 2003, Drake filed a complaint against the Government based upon the five abovementioned claims. The Government filed a motion for summary judgment arguing that Drake failed to exhaust his administrative remedies for claims (1)-(4) and that he could not demonstrate a *prima facie* case of retaliation on his remaining claim. The district court granted the Government's motion in its entirety. Drake appeals.

---

[2] Drake received notice of the proposed suspension on February 18, 2003, therefore his complaint refers to it as the "proposed suspension." The suspension did not actually take place until April 2003.

## II. STANDARD OF REVIEW

This Court reviews the district court's grant of summary judgment *de novo*, applying the same legal standard as the district court in the first instance. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In making a determination as to whether there is a genuine issue of material fact, this Court considers all of the evidence in the record but refrains from making credibility determinations or weighing the evidence. *Turner*, 476 F.3d at 343 (citation omitted).

## III.  ANALYSIS

Federal employees filing discrimination claims must first exhaust their administrative remedies as a precondition to filing suit in federal court. *Randel v. United States Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). Drake, therefore, had a duty to exhaust his administrative remedies before bringing these five retaliation claims in federal court.

### *Claims (3) and (5)*

Drake claims that he was retaliated against when he was reprimanded for being absent without leave on April 23, 2001, and suspended for four days for sending harassing emails to an Administrative Judge. The Government's brief argues that Drake "did not file an administrative claim with respect to his claims regarding denial of advance leave or suspension for sending a harassing email." The Government does not, however, provide a citation to the record in support for this assertion. The district court granted summary judgment on these claims, stating that "[o]n January 6, 2006, this court conducted a hearing . . . [and] the plaintiff candidly admitted that he had failed to exhaust administrative remedies on his claims that he had suffered retaliation when he had been suspended for four days and when he had been denied advance leave in July 2001." *Drake v.*

*Principi*, No. 3:03-cv-284, Mem. Op. and Order at 14 (S.D. Miss. September 30, 2006). Drake failed, however, to order a transcript of this hearing to be placed in the record on appeal in violation of Federal Rule of Appellate Procedure 10(b). Because this hearing is not included in the record on appeal, we are unable to confirm whether Drake admitted to having not exhausted his claims with regards to claims (3) and (5). The record on appeal also fails to provide this Court with evidence that Drake filed an EEOC complaint with respect to claims (3) and (5).

Drake has a duty to provide the portions of the transcript of district court proceedings that are necessary for a meaningful review. *See Crompton Mfg. Co. Inc. v. Plant Fab Inc.*, 91 F. App'x 335, 338 (5th Cir 2004) (citing *Birchler v. Gehl Co.*, 88 F.3d 518, 519-20 (7th Cir. 1996)). "Dismissing the 'appeal for failure to provide a complete transcript of the record on appeal is within the discretion of the court.'" *Boze v. Branstetter*, 912 F.2d 801, 803 n.1 (5th Cir. 1990). We are aware that the Drake's *pro se* status requires that "he be held to less stringent standards than formal pleadings drafted by lawyers." *Merriman v. Potter*, 251 F. App'x 960, 955 (5th Cir. 2007) (citing *Erickson v. Pardus*, 127 S.Ct. 197 (2007)). But "even a [*pro se*] appellant must brief the reasons for the requested relief, including citation to the . . . record." *Id.* We are, however, able to properly consider claims (1), (2), and (4) based upon the incomplete record before us. Therefore, we will "necessarily limit the scope of our review to the available record." *Boze*, 912 F.2d at 803 n.1 (quotation omitted). Claims (3) and (5) are DISMISSED based on Drake's failure to provide transcripts of proceedings necessary on appeal.

### Claims (1) and (4)

Drake brought claims (1) and (4) before the EEOC complaining of the VA Medical Center's refusal on two occasions to appoint Drake to the position of Program Analyst. Drake never, however, alleged "retaliation" in these claims but instead asserted that he was discriminated against on the basis of his sex, race, and disability. The Government correctly argues that Drake may not now bring

a retaliation suit on the basis of these claims, because he failed to exhaust his administration remedies.

The *Randel* court explained that a racial discrimination claim is separate and distinct from a retaliation claim, and that a complainant "must exhaust his administrative remedies on that claim before seeking review in federal court." *Randel*, 157 F.3d at 395. Our review of the record indicates that Drake failed to bring a retaliation claim before the EEOC when he was twice denied appointment to the position of Program Analyst. Thus, we AFFIRM the district court's grant of summary judgment with respect to claims (1) and (4).

## *Claim (2)*

Finally, Drake claims that he was retaliated against when he was reprimanded for being absent without leave on April 23, 2001. On November 26, 2002, the VA's Office of Employment Discrimination Complaint Adjudication granted Drake a right to sue on this retaliation claim and it was properly considered by the district court.

For Drake to establish a *prima facie* case of retaliation he must show (1) that he engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action. *See LeMaire v. Louisiana*, 480 F.3d 383, 388 (5th Cir. 2007); *see also Holloway v. VA*, No. 08-20212, 2009 U.S. App. LEXIS 2232, *6 (5th Cir. Feb. 5, 2009). Drake successfully demonstrated that he engaged in a protected activity: he filed an EEOC complaint. Drake also demonstrated that an adverse employment action occurred: he received a reprimand for being absent without leave on April 23, 2001.

We note that the district court incorrectly found that Drake failed to demonstrate that an adverse employment action occurred, because the court erroneously relied on *Dollis v. Rubin*, 77 F.3d 777 (5th Cir. 1995). Under *Dollis*, this Court previously held that "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that

arguably might have some tangential effect upon those ultimate decisions." *See Dollis*, 77 F.3d at 781-82. Three months prior to the district court's ruling on the Government's motion for summary judgment, however, the Supreme Court, in *Burlington Northern & Sante Fe Railway Co. v. White*, rejected this Circuit's decisions limiting "actionable retaliation to so-called 'ultimate employment decisions.'" 548 U.S. 53, 67 (2006). Our cases after *Burlington* make clear that an adverse employment action is any action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

Despite the district court's incorrect application of law and ruling that Drake failed to demonstrate that an adverse employment action occurred, Drake still fails to establish a *prima facie* case of retaliation. Drake does not provide any evidence demonstrating a causal link between the filing of his EEOC complaint and the reprimand he received for being absent without leave. Thus, we AFFIRM the district court's grant of the Government's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the district court's grant of the Government's motion for summary judgment is AFFIRMED.