# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2010

No. 09-50796
Summary Calendar

Charles R. Fulbruge III
Clerk

MICHAEL C. SMART,

Plaintiff-Appellant,

versus

ERIC HOLDER, Attorney General, Department of Justice;
KATHERINE LEHMANN,
Special Assistant U.S. Attorney, Department of Justice;
JOHNNY E. MURPHY, Acting U.S. Attorney;
UNITED STATES DEPARTMENT OF JUSTICE,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 3-09-CV-101

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-50796

Michael Smart sued the United States Department of Justice, the Attorney General, the Acting United States Attorney, and Special Assistant United States Attorney Katherine Lehmann, claiming that Lehmann, and by extension the other parties, violated his constitutional rights while defending against an earlier employment discrimination lawsuit brought by Smart. The district court dismissed all the present claims with prejudice. Smart appeals. We affirm for essentially the reasons given by the district court.

Smart is a former employee of the Department of the Army. After he was terminated from his job, he sued the Secretary of the Army ("the Secretary") under title VII of the Civil Rights Act of 1964. Lehmann represented the Secretary in that suit. The district court dismissed the suit on summary judgment, and we affirmed. *See Smart v. Geren*, No. 08-50448, 2008 WL 5180334 (5th Cir. Dec. 10, 2008) (per curiam).

The present case is based on Lehmann's alleged conduct during the title VII litigation. According to Smart, Lehmann called the manager at a Texas Workforce Commission ("TWC") office, where Smart was using computers and other resources to litigate his case. Smart claims Lehmann told the TWC manager that she was looking for Smart and that she asked whether the TWC received federal funding and why the TWC was allowing Smart to use its resources to sue the government. Shortly after that, Smart claims, the TWC announced a policy restricting the use of its computers to work purposes.

Based on these allegations, Smart sued Lehmann in her individual capacity under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that Lehmann had retaliated against his exercise of his First Amendment speech rights and had violated his constitutional rights of access to the courts and privacy. Smart also sued the Attorney General and the Acting United States Attor-

2

ney in their official capacities and the Department of Justice,[1] alleging they violated his due process rights by permitting Lehmann to defend the Secretary while serving as an active-duty military officer. The district court dismissed the claims against the Department of Justice, the Attorney General, and Acting United States Attorney for lack of subject-matter jurisdiction; it dismissed the claims against Lehmann under Federal Rule of Civil Procedure 12(b)(6), finding that Smart had failed to allege facts supporting a claim upon which relief could be granted.

We review dismissal for lack of jurisdiction and for failure to state a claim upon which relief may be granted *de novo. Wagner v. United States*, 545 F.3d 298, 300 (5th Cir. 2008); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006). To survive dismissal, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

The district court properly dismissed Smart's due process claim against the Attorney General, the Acting United States Attorney, and the Department of Justice, because sovereign immunity deprived the court of subject-matter jurisdiction. As the court rightly noted, suits against federal officers in their official capacity are really suits against the government, and for these suits to go forward, the government must waive its sovereign immunity. *Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998); *S. Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. Unit A May 1981). Smart has not shown that the government waived its immunity. He does not allege a state tort law theory that would allow him

---

[1] The district court did not discuss Smart's claim against the Department of Justice. We read the court's discussion of the claims against the Attorney General and Acting U.S. Attorney, however, as including that claim.

to proceed under the Federal Tort Claims Act ("FTCA"),[2] and, as the district court explained, none of the other statutes cited in his pleading provides for waiver of immunity.

The district court also was correct to dismiss Smart's claims against Lehmann. Regarding his First Amendment retaliation claim, Smart has not alleged conduct resulting in an injury that would "chill a person of ordinary firmness from continuing to engage in [protected] activity." *Keenan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002). It would be necessary to show such conduct to prove retaliation. *Id.* Nor was Smart's constitutionally-protected right of access to the courts impeded. We have not extended that right of access beyond the ability to institute suit; in this case, Smart was able to institute both his title VII suit and the present claims. *See Foster v. City of Lake Jackson*, 28 F.3d 425, 430 n.7 (5th Cir. 1994).

The district court also correctly dismissed Smart's constitutional right-to-privacy claim.[3] Smart has not alleged facts indicating Lehmann interfered with any of "the personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing," which the right to privacy protects. *Paris Adult Theatre I v. Slaton*, 413, U.S. 49, 65 (1973).

Finally, Smart asks us to address the applicability of the stay provision of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. § 522, to a *Bivens*

---

[2] On appeal, Smart argues that if given the opportunity to amend his complaint further, he would allege a Texas state tort claim under the FTCA. Smart suggests he would bring a claim for negligent supervision based on Texas Civil Remedies and Practices Code § 101.021. That provision, however, does not establish tort liability for individuals. Rather, it is a limited waiver of state sovereign immunity for situations inapplicable to the present case: "property damage, personal injury, or death aris[ing] from the operation or use of a motor-driven vehicle or motor-driven equipment." Thus, even if he amended his complaint as he requests, Smart would still fail to state a plausible claim establishing jurisdiction.

[3] The court liberally construed various claims in Smart's pleading under the Posse Comitatus Act, 18 U.S.C. § 1385, and the Fourth and Fifth Amendments as a constitutional privacy claim. That was the most appropriate way to interpret Smart's pleading.

suit against a servicemember performing a civil detail, as was the case when Lehmann worked to defend the Secretary of the Army. Lehmann did not invoke the SCRA's stay provision in this case, so we need not address that question.

The district court dismissed all of Smart's claims with prejudice. Although a court should review *pro se* pleading less stringently and offer plaintiffs leave to amend their complaints, "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Smart had a chance to file an initial complaint, an amended complaint, a reply to defendants' motion to dismiss, and an additional sur-reply to the defendants' response to his reply. He has had no lack of opportunity to make his case; dismissal with prejudice was appropriate.

AFFIRMED.