# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40037
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2016

Lyle W. Cayce
Clerk

TAOFEEK A. QUADRI,

Plaintiff–Appellant,

versus

PATRICK J. MURPHY, Acting Secretary of the Army,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-35

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Taofeek Quadri appeals, *pro se*, a dismissal under Federal Rule of Civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Quadri's form complaint indicated that he sought relief for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and in subsequent pleadings he also appeared to seek relief under the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626–634, and the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b)(8). The district court dismissed on the recommendation of the magistrate judge ("MJ").

Quadri appears to argue that the MJ's recommendation of dismissal violated 28 U.S.C. § 636 and constitutional due-process and Article III requirements, because Quadri did not consent and the issue was a dispositive motion. The statute provides, however, for MJs to issue proposed findings and recommendations without consent on Rule 12(b)(6) motions, *see* § 636(b)(1)(B); *see also* § 636(b)(1)(A), and the procedure in § 636(b) does not violate due process or Article III even when it involves dispositive motions, *United States v. Raddatz*, 447 U.S. 667, 677–84 (1980). No hearing was required. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

Quadri also complains about the MJ's reference to information in a separate lawsuit he had filed, but that had no impact on the MJ's recommendation, which expressly recognized that the facts in the other dispute were "not in issue in this lawsuit." Any error was harmless. *See* FED. R. CIV. P. 61. Quadri's claims do not involve legal points arguable on their merits under any standard of review. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

In addition, Quadri seems to challenge the finding that his allegations fell short of stating a claim under Title VII. Quadri has likely failed to brief this claim, *see Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008), but even assuming for the sake of argument that the issue is adequately briefed, it is

No. 15-40037

frivolous. We review a Rule 12(b)(6) dismissal *de novo*. *Carder v. Cont'l Airlines, Inc.*, 636 F.3d 172, 174 (5th Cir. 2011). The district court properly dismissed given Quadri's threadbare factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Quadri failed to state a claim of discrimination because he did not identify any adverse employment action. *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Nor did he state a claim of hostile work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). Also, despite that Quadri's pleadings alleged retaliation, he never explained the nature of the mismanagement he allegedly reported, so the complaint fell short of stating a claim for retaliation under Title VII. *See Evans v. City of Hous.*, 246 F.3d 344, 351 (5th Cir. 2001). Again, Quadri fails to present an appellate claim with arguable merit. *See Howard*, 707 F.2d at 220.

Quadri has not briefed any theory that his pleadings stated claims under the ADEA, the Rehabilitation Act, or federal whistleblower law. *See Mapes*, 541 F.3d at 584. He has "effectively abandoned" any such claims. *See id.*

Because the appeal does not involve any legal points arguable on their merits, *see Howard*, 707 F.2d at 220, it is DISMISSED as frivolous, *see* 5TH CIR. R. 42.2. We DENY as moot the government's motion for summary affirmance or, alternatively, for an extension of time to file a brief.