# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40729

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2017

Lyle W. Cayce
Clerk

TAOFEEK A. QUADRI,

      Plaintiff - Appellant

v.

ERIC KENNETH FANNING, Secretary of the Army,

      Defendant - Appellee

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:15-CV-30

---

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

    Taofeek A. Quadri was removed from his position as an Information Technology Specialist with the United States Army due to revocation of his secret security clearance, which was required as a condition of his employment. Quadri appealed his removal to the Army Personnel Security Appeals Board, which denied the appeal. He then elected to appeal to the Merit Systems

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40729

Protection Board ("MSPB"). Both an administrative law judge and the MSPB affirmed Quadri's removal.

Quadri then asserted claims in federal court under Title VII, alleging unlawful discrimination on the basis of race, color, national origin, and prior protected activity. He further alleged that the government's revocation of his security clearance was pretext for terminating him discriminatorily. Since his termination, Quadri has filed two other cases in federal district court regarding his removal from the Army, both of which were dismissed. *Quadri v. Holder*, No. 5:14CV1, 2015 WL 858878 (E.D. Tex. Feb. 26, 2015); *Quadri v. McHugh*, No. 5:15CV35, 2015 WL 124550 (E.D. Tex. Jan. 7, 2015). Quadri appealed one of those dismissals to this court, which dismissed the appeal as frivolous. *See Quadri v. Murphy*, 637 F. App'x 164, 165 (5th Cir. 2016).

Here, the government moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. It argued that in his appeal to the MPSB, Quadri did not present any argument regarding the claims he urged in district court. The government contended that Quadri's failure to exhaust his remedies before the MSPB prevented him from raising his claims in federal court. The magistrate judge recommended that Quadri's complaint be dismissed. The district court adopted the report and recommendation and dismissed Quadri's complaint with prejudice. It then denied Quadri's motion for reconsideration. In both decisions, the district court determined that even if Quadri had exhausted his administrative remedies, he still failed to state a claim upon which relief could be granted.

On appeal, Quadri does not argue that he actually exhausted his claims before the MSPB—he effectively concedes the point. Instead, he contends that there are claims currently pending before the Equal Employment Opportunity Commission ("EEOC"). He asks this court to require that the district court

2

modify its dismissal of his complaint to one without prejudice so that he can reinstate his claims once the EEOC process concludes.

Quadri does not show or even offer argument as to how some unidentified EEOC claims—which were not mentioned to the district court until after it dismissed Quadri's complaint—affect the instant case, in which Quadri elected to file an appeal with the MSPB. *See* 29 C.F.R. § 1614.302(b) (stating that a federal employee can file an EEOC complaint or MSPB appeal "but not both"); *Randel v. U.S. Dep't of the Navy*, 157 F.3d 392, 395 (5th Cir. 1998) ("As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies."). He further fails to demonstrate that the district court abused its discretion in dismissing his complaint with prejudice given his litigation history, the abandonment of his claims before the MSPB, and the district court's alternative holding—which Quadri does not challenge on appeal—that he failed to state a claim.

The judgment of the district court is AFFIRMED.