# United States Court of Appeals for the Fifth Circuit

———————

No. 23-20287

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2024

Lyle W. Cayce
Clerk

Kyle Boles,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Stores Texas, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3743

———————————————————————

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:[*]

Regarding Kyle Boles' signing Walmart's arbitration agreement as a minor but disaffirming it about 11 months after reaching the age of majority, he claims the district court reversibly erred in granting Walmart's motion to compel arbitration. Because the record is incomplete, we cannot decide this issue. DISMISSED.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20287

I.

The following factual recitation is based on: Boles' state-court petition; Walmart's answer; declarations by Boles and a Walmart custodian of records; Walmart's motion to compel arbitration; the district court's hearing notice; and the final judgment.

Walmart hired Boles when he was a minor. As part of his employment, he completed a computer-based module where he agreed to Walmart's benefit plan (the plan) and its requirement for claims and disputes to be submitted to arbitration.

Boles alleges he was injured in May 2021, while in the course and scope of his employment for Walmart. He began resulting medical treatment through the plan before he resigned from employment on 1 July. Walmart denied further benefits under the plan after 19 July because it determined his injuries were preexisting. Boles has not returned to Walmart's employment or received further treatment through its plan.

On 22 October 2021, Boles reached the age of majority in Texas. By letter to Walmart, Boles' counsel sought to repudiate the plan's arbitration agreement on 15 September 2022. The next day, Boles filed this action in Texas state court.

Walmart, *inter alia*, removed this action to federal court, based on diversity jurisdiction. It then moved to compel arbitration and dismiss or stay litigation. The district court held a hearing on 5 June 2023, and entered final judgment on 6 June, dismissing this action.

II.

"We review *de novo* a ruling on a motion to compel arbitration." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). To determine whether parties should be compelled to arbitrate under the

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, our court considers, *inter alia*, "whether there is a valid agreement to arbitrate between the parties". *Am. Heritage Life Ins. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (citation omitted). In doing so, we apply "ordinary state-law principles that govern the formation of contracts". *IMA, Inc. v. Columbia Hosp. Med. City at Dall., Subsidiary L.P.*, 1 F.4th 385, 391 (5th Cir. 2021) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). As the parties agree, Texas law governs.

Boles contends the arbitration agreement is unenforceable because he was a minor when he signed it and repudiated it within a reasonable time after reaching the age of majority. Under Texas law, a contract with a minor is not void, but voidable by the minor. *E.g.*, *PAK Foods Hous., LLC v. Garcia*, 433 S.W.3d 171, 176 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd). The age of majority in Texas is 18. Tex. Civ. Prac. & Rem. Code § 129.001. "However, once a minor turns eighteen, [his] repudiation of a contract executed when [he] was a minor is only valid if conveyed to the contracting party within a reasonable time after [his] eighteenth birthday." *Norred v. Cotton Patch Café, LLC*, No. 3:19-CV-1010-G, 2019 WL 5425479, at *7 (N.D. Tex. 22 Oct. 2019) (alterations in original) (citation omitted).

Accordingly, critical to the need for a complete record for this appeal is whether Boles repudiated the agreement within the requisite "reasonable time": a question of fact. *See Miller v. McAden*, 253 S.W. 901, 903 (Tex. App.—Austin 1923, writ dism'd w.o.j.); *Robinson v. Roquemore*, 2 S.W.2d 873, 874 (Tex. App.—Texarkana 1928, no writ). "We review the district court's findings of fact for clear error." *IMA, Inc.*, 1 F.4th at 390.

Along that line, and under Federal Rule of Appellate Procedure 10, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant

must include in the record a transcript of all evidence relevant to that finding or conclusion". Fed. R. App. P. 10(b)(2). Boles has failed, however, to include in the record on appeal: the transcript of the 5 June 2023 hearing at which Walmart's motion to compel arbitration was addressed, including the considered evidence, if any; and the court's stated reasons for granting Walmart's motion, as referenced, but not stated, in the final judgment entered the next day.

"The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal." *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990); *see also Drake v. Nicholson*, 324 F. App'x 328, 331 (5th Cir. 2009) ("[Appellant] has a duty to provide the portions of the transcript of district court proceedings that are necessary for a meaningful review."); Fed. R. App. P. 3(a)(2) (permitting dismissal). Obviously, without the requisite complete record, we are unable to meaningfully review, *inter alia*, the district court's findings of fact. *See Richardson*, 902 F.2d at 415–16 (refusing to consider contention when appellant failed to provide transcript); *Drake*, 324 F. App'x at 330–31 (same); *Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir. 1992) (same), *superseded by statute on other grounds as recognized by Diaz v. Collins*, 114 F.3d 69, 72 (5th Cir. 1997); *United States v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 126 (5th Cir. 1973) (same).

## III.

For the foregoing reasons, the appeal is DISMISSED.