# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51103

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

NOLAN ESTES,

Plaintiff - Appellant

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-555

Before STEWART, Chief Judge, HAYNES, Circuit Judge, and BROWN, District Judge.*

PER CURIAM:**

Appellant Nolan Estes ("Estes") filed suit against JP Morgan Chase Bank N.A. ("JPMC"), claiming that it violated Section 50(a)(6)(Q)(vii) of the Texas Constitution and breached its contract with him by failing to timely remit certain loan documents to him after Estes fully paid off a home equity loan. Estes alleged that JPMC's failure to timely remit the documents to him

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51103

entitled him to forfeiture of all of the principal and interest paid on the home equity loan, pursuant to Section 50(a)(6)(Q)(x) of the Texas Constitution, and pursuant to the Texas Home Equity Security Instrument ("Security Instrument") he signed to secure the home equity loan. The district court dismissed both of Estes's claims for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we affirm.

## BACKGROUND

On February 6, 2009, Estes obtained a home equity loan by signing a promissory note ("Note"), payable to Envoy Mortgage, Ltd., and by securing the Note with a Security Instrument, which created a lien on his homestead. At the time the lawsuit was filed, JPMC was alleged to be the holder of the Note. Estes sold the homestead property and paid off the home equity loan in December 2012. Thereafter, Estes notified JPMC that the original Note and recordable release of lien had not been returned to him. JPMC failed to send the documents to him within 60 days of this notification.

In June 2014, Estes filed suit against JPMC, alleging that JPMC failed to comply with his request to send the documents, in violation of Section 50(a)(6)(Q)(vii) of the Texas Constitution and in breach of the contractual obligations set forth in the Security Instrument. Estes asserted that he was consequently entitled to forfeiture of all principal and interest paid on the Note, pursuant to Section 50(a)(6)(Q)(x) of the Texas Constitution, and was also entitled to the same remedy, plus attorney's fees, due to JPMC's alleged breach of the Security Instrument.

JPMC filed a "Motion to Dismiss for Failure to State a Claim" on July 9, 2014. JPMC asserted that Estes's Texas constitutional claim should be dismissed because Section 50(a)(6)(Q) of the Texas Constitution requires only that loans be made upon certain conditions, and the terms of Estes's loan

2

documents satisfied this requirement by containing the required conditions. JPMC also argued that Estes did not allege that JPMC was a lender or holder, as is required to hold JPMC subject to forfeiture pursuant to Section 50(a)(6)(Q)(x). JPMC further argued that Estes's contractual claim should be dismissed because Estes did not allege that he entered into a contract with JPMC or that the loan was assigned to JPMC.

In opposition, Estes asserted that Section 50(a)(6)(Q) is a substantive provision of the Texas Constitution, and by failing to timely return the loan documents after full payment, JPMC violated the Texas Constitution. Estes further argued that he stated a claim for breach of contract because he alleged that JPMC was the holder of the Note.

The district court referred the motion to a magistrate judge, who in turn issued a Report and Recommendation. The magistrate judge recommended that Estes's Texas constitutional claim be dismissed. The magistrate judge noted that the Security Instrument incorporated the language of Section 50(a)(6)(Q)(vii), requiring the lender to cancel and return the Note to the owner of the property and provide a release of the lien within a reasonable time after full payment. Because this language was present in the Security Instrument, the magistrate judge found that Estes's loan "was 'made on the condition that' the lender provide this notice," and consequently satisfied the requirements of Section 50. Accordingly, the magistrate judge recommended that the district court dismiss Estes's constitutional claims because "his loan did not violate the Texas Constitution, he ha[d] failed to state a cognizable claim under the Texas Constitution and [was] not entitled to forfeiture."

The magistrate judge also recommended that Estes's breach of contract claim be dismissed because Estes: (1) alleged no facts in support of the proposition that JPMC was a party to the Security Instrument upon which he

No. 14-51103

based his breach of contract claim; and (2) because judicially noticeable public records undermined Estes's allegation that JPMC was a party to the Security Instrument.

Estes objected to the Report and Recommendation, but the district court overruled those objections, adopted the Report and Recommendation, and entered a judgment of dismissal on September 29, 2014. Estes timely appealed to this Court, arguing that his pleadings were sufficient to survive dismissal and requesting that this Court certify the issue involving the Texas Constitution to the Texas Supreme Court.

## STANDARD OF REVIEW

This Court reviews *de novo* a district court's dismissal of claims pursuant to Federal Rule of Civil Procedure 12(b)(6), taking "all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Pub. Emps. Ret. Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 320 (5th Cir. 2014) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). This Court "may affirm a district court's Rule 12(b)(6) dismissal on any grounds raised below and supported by the record." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citations omitted).

## DISCUSSION

We decline to decide this case based on the district court's interpretation of the Texas Constitution because the district court's decision can be affirmed on other grounds. Accordingly, this Court need not interpret

4

the Texas Constitution nor do we need to consider whether to certify the constitutional issue to the Texas Supreme Court.

The parties do not dispute that the provisions sued pursuant to here require a "lender" to return the promissory note to a borrower once the loan is paid in full, and provide for forfeiture of principal and interest against a "lender or any holder" who fails to satisfy that Constitutional requirement. TEX. CONST. art. XVI, § 50(a)(6)(Q)(vii), (x). "Holder" is defined by TEX. BUS. & COM. CODE § 1.201(b)(21)(A) as: "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

Beyond the bald statement that "[JPMC] is *now* the holder of the [N]ote," Estes's complaint fails to allege any connection between himself and JPMC except that Estes "notified [JPMC] that the original promissory note had not been returned," and that "[m]ore than 60 days have passed since plaintiff notified [JMPC] of its failure to cancel and return the promissory note." (emphasis added). Considering the allegations in Estes's complaint, and taking those allegations as true, Estes has not alleged that JPMC possessed the Note at the relevant time. He also has not alleged that he made payments to JPMC, nor has he alleged any other facts from which the Court could reasonably infer that the Note was made payable to "bearer" or to JPMC, as the definition of "holder" set forth in TEX. BUS. & COM. CODE § 1.201 requires. Accordingly, Estes has not alleged facts that, when taken as true, permit the Court to infer that JPMC was a lender or holder of the Note as required to state a claim under Section 50(a)(6)(Q)(vii) and Section 50(a)(6)(Q)(x).

Estes also fails to state a breach of contract claim for this same reason. "In Texas, the essential elements of a breach of contract claim are: (1) the

existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. 2005)). As this Court observed in *Mullins*, the first essential element of a breach of contract claim is the "existence of a valid contract." *Id.*

Estes's allegations, when taken as true, do not permit the Court to reasonably infer that JPMC was a party to the Security Instrument. The Security Instrument defines "lender" as, among other things, "any holder of the Note who is entitled to receive payments under the Note." Estes has not alleged that JPMC was entitled to receive payments under the Note. Consequently, taking Estes's allegations as true, and viewing those allegations in the light most favorable to him, Estes has not alleged that JPMC is a party to the Security Instrument as required to state a breach of contract claim.

Reviewing the rest of the record, Estes's opposition to the Motion to Dismiss contains new factual allegations, and he filed some additional materials with his objections to the Report and Recommendation. However, when deciding a Rule 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citations omitted). Accordingly, the district court did not err in failing to consider these additional factual allegations or materials. Further, Estes never sought leave to amend his complaint to allege these facts, nor does he contend on appeal that he should have been permitted to amend.

Under Rule 15(a), a court should "freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). Nevertheless, a

party must "expressly request" leave to amend. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). "A party who neglects to ask the district court for leave to amend cannot expect to receive such dispensation from the court of appeals." *Id.* Although this request need not be contained in a formal motion, "[a] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (quotations and citation omitted).

Estes's opposition to the Motion to Dismiss and his objections to the Report and Recommendation, while containing new factual allegations, contained no language that might be construed as a request for leave to amend his complaint, let alone express language requesting leave and indicating the particular grounds on which the amendment was sought. Moreover, the district judge did not discuss granting Estes leave to amend at any point. In short, there is nothing in the record that would allow us to conclude that Estes requested leave to amend his complaint.

Estes has not alleged facts that, when taken as true, permit the Court to infer that JPMC was a lender or holder of the Note as required to state a claim under Sections 50(a)(6)(Q)(vii) and 50(a)(6)(Q)(x) of the Texas Constitution. Further, Estes's allegations, when taken as true, do not permit the Court to reasonably infer that JPMC was a party to the Security Instrument. Accordingly, the district court did not err in dismissing his complaint. Estes did not request leave to amend his complaint to allege such facts when he appeared before the district court, and therefore he is not entitled to such relief from this Court.

No. 14-51103

## CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.