# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20032
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2018

Lyle W. Cayce
Clerk

ROBIN PRINCE-RIVERS,

      Plaintiff - Appellant

v.

FEDERAL EXPRESS GROUND; RANDSTAD TEMPORARY AGENCY,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3439

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff Robin Prince-Rivers sued defendants Federal Express Ground ("FedEx") and Randstad Temporary Agency ("Randstad"), alleging employment discrimination. The district court granted the defendants' separate motions to dismiss. We affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20032

I.

From November 2011 until November 2013, when she took leave, Prince-Rivers worked as a temporary driver for FedEx through Randstad. Prior to taking leave, she filed two separate Charges of Discrimination with the Texas Workforce Commission and Equal Employment Opportunity Commission ("EEOC"). First, on September 30, 2013, she alleged retaliation and race discrimination against FedEx. She explained that she was receiving more work and less pay than her Hispanic co-worker, and that, when she complained about it, her hours "were reduced significantly." Then, on October 3, 2014, Prince-Rivers filed charges against both Randstad and FedEx, claiming both race and sex discrimination. She alleged that she was "paid . . . $12.63 per hour while [her] male, non-African American coworkers were paid $13 per hour and above."

The EEOC issued responsive Dismissal and Notice of Rights forms on August 29, 2014, and October 15, 2014, respectively. For both charges, the EEOC explained it was "unable to conclude that the information [it] obtained establishe[d] violations of the statutes." The Dismissal and Notice forms also explained that Prince-Rivers could sue the defendants within 90 days of receipt of the notice.

Prince-Rivers filed her initial complaint on December 1, 2014. Her second and third amended complaints—filed January 6 and 7, 2015, respectively—specified that her claims were being brought under Title VII of the Civil Rights Act of 1964 and detailed the discriminatory treatment she allegedly received. Notably, the complaints alleged that she received notice from the EEOC for her FedEx claim on August 29, 2014.

FedEx filed a motion to dismiss, arguing Prince-Rivers failed to sue within 90 days of the EEOC Notice. FedEx's argument relied on the date of notice she provided in her amended complaint. It counted over 90 days from

2

No. 16-20032

this date to her initial filing. Randstad filed a separate motion to dismiss, arguing Prince-Rivers failed to file her charge with the EEOC within 300 days of the last violation. Randstad relied on her October 2014 EEOC charge, which stated the company had discriminated against her from December 1, 2011, through November 8, 2013. It counted 329 days from the end of this time period to the date Prince-Rivers filed her charge with the EEOC.

On December 10, 2015, the district court granted both motions. Rivers timely appealed pro se.

II.

We review grants of motions to dismiss de novo. *Taylor v. Books a Million, Inc.* 296 F.3d 376, 378 (5th Cir. 2002). The standard is well established: We must determine whether the plaintiff "fail[ed] to allege any set of facts in support of [her] claim which would entitle [her] to relief." *Id.* This includes determining whether she is unable to thwart affirmative defenses such as the failure to abide by the applicable statute of limitations. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017). The court must "accept[] as true the well-pled factual allegations in the complaint, and construe[] them in the light most favorable to the plaintiff." *Taylor*, 296 F.3d at 378.

### A. Dismissal of FedEx

A Title VII lawsuit must be brought within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). It is uncontested that, according to the date provided in Prince-Rivers's third amended complaint, she failed to meet this deadline.

Prince-Rivers argues, however, that this complaint was superseded by subsequent, amended complaints that omitted such a date. And since "[a]n amended complaint supersedes the original complaint and renders it of no

legal effect" unless specifically qualified, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), there is no basis for determining whether her claim was time-barred from the complaint.

But this argument was not raised below, so it is waived. *See Stearman v. C.I.R.*, 436 F.3d 533, 537 (5th Cir. 2006). Even if we were to consider it, Prince-Rivers cannot simply file documents and declare them to be amended complaints. She was permitted to amend her pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). There is no indication in the record that either the defendants or the court gave such permission. To the contrary, Randstad moved to strike her attempt to establish a fourth amended complaint, which was apparently never resolved. In addition, Rule 15(c), which Prince-Rivers cites in support of her argument, pertains only to the relation back of properly amended pleadings, *cf. Sanders-Burns v. City of Plano*, 594 F.3d 366, 372–73 (5th Cir. 2010), so her reliance on this rule is inapt.

Accordingly, the district court was correct in granting FedEx's motion to dismiss.[1]

### B. Dismissal of Randstad

Title VII claimants are required to file their Charges of Discrimination with the EEOC within 180 days of the violation, or within 300 days if the complaint is first filed with a state or local agency. 42 U.S.C. § 2000e-5(e)(1); *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009). The parties do not dispute that the 300-day deadline applies here. The charges "fix[] the scope of the charging party's subsequent right to institute a civil suit. The suit filed may encompass only the discrimination

---

[1] Because we so rule, we need not address Prince-Rivers's remaining arguments that her claims against FedEx would survive the summary judgment standard.

stated in the charge itself or developed in the course of a reasonable [EEOC] investigation of that charge." *Nat'l Ass'n of Gov't Emps.*, 40 F.3d at 711–12 (quoting *King v. Seaboard Coastline R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)) (internal quotation marks omitted).

Prince-Rivers's Charge of Discrimination against Randstad offered a discrete time period during which she suffered harm.[2] It stated, "From December 2011 through November 8, 2013, Randstad Staffing paid me $12.63 per hour while my male, non-African American coworkers were paid $13 per hour and above." She listed the same date range in a section that requested the "Date(s) Discrimination Took Place" and did not identify the conduct as a "continuing action" when prompted. Despite this, she did not file her charge until October 3, 2014—that is, 329 days later.

On appeal, Prince-Rivers attempts to thwart this exhaustion requirement through two arguments—the continuing violation doctrine and equitable tolling—that were not raised below and are thus waived. *See Stearman*, 436 F.3d at 537. Accordingly, the district court's dismissal of Randstad was appropriate.

But even if we were to consider these claims on their merits, they are unavailing. Under the continuing violation doctrine, a plaintiff need not "establish[] that all of the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Messer v. Meno*, 130 F.3d 130, 134–35 (5th Cir. 1997). Among the requirements for its invocation is that the

---

[2] The charge was referenced in the third amended complaint (which—as noted above—is the applicable complaint), was attached to Randstad's motion to dismiss, and is essential to the legal argument at issue. We may therefore consider it. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, to the extent Prince-Rivers's argument against Randstad also relies on the assertion that the third amended complaint was superseded, it is rejected for the same reasons proffered above.

misconduct "must be continuing; intervening action by the employer, among other things, will sever the acts that preceded it from those subsequent to it." *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 738 (5th Cir. 2017).

Prince-Rivers alleges that the misconduct—unequal pay—continued in January 2014, when she received her last payments. This argument cannot be reconciled with the terms of the charge itself, which was filed nine months later yet neglects any mention of the January 2014 payments or a continuing action. Moreover, the January 2014 pay stubs reflect a payment rate of $14 per hour. Accordingly, by the terms of her charge, she was being paid more than some of her "male, non-African American coworkers" at that time. We therefore conclude that the January 2014 payments are unconnected to the prior, complained of payments. Prince-Rivers is not protected by the continuing violation doctrine.

Prince-Rivers also argues that she is entitled to equitable tolling because she submitted an EEOC intake questionnaire on August 9, 2013, and thus exhibited due diligence in seeking to bring her claim. The document was not in the district court's record, nor was it referenced in her EEOC charge. Indeed, the questionnaire's account of the discrimination she suffered does not mention unequal pay; rather, it is focused on an allegation that she received a disproportionate workload. Moreover, the questionnaire was submitted months before the alleged harm of unequal pay ended. Accordingly, the questionnaire cannot redeem Prince-Rivers's failure to submit the charge with the EEOC until over 300 days had elapsed since the last alleged instance of unequal pay occurred.

In short, the district court was also correct in granting Randstad's motion to dismiss.

AFFIRMED.